IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA BAUER and CYNTHIA BAUER, )
EXECUTRIX OF THE ESTATE OF MARK )
BAUER, )
   Plaintiffs, )
)
  vs. )  Civil Action No. 07-00247
)
BENEFICIAL CONSUMER DISCOUNT )
COMPANY, d/b/a BENEFICIAL MORTGAGE )
CO. OF PENNSYLVANIA and HOUSEHOLD )
LIFE INSURANCE COMPANY, )
   Defendants. )

## MEMORANDUM OPINION and ORDER

This case stems from the tragic and untimely death of Mark Bauer, deceased husband of Plaintiff Cynthia Bauer. In or about March 2006, Plaintiffs and Defendant Beneficial Consumer Credit Company, d/b/a Beneficial Mortgage Co. of Pennsylvania (hereinafter,"Beneficial") entered into a loan transaction regarding a mortgage secured line of credit. Specifically, on March 28, 2006, Mark Bauer borrowed money by way of a refinancing and new mortgage provided by Defendant Beneficial. (Docket No. 1, at 4). According to Plaintiffs' Complaint, "[t]he home refinancing occurred and a Note and Mortgage were executed and delivered by Plaintiffs." (Docket No. 1, at ¶15). In addition, Mark Bauer executed a "CE Optional Insurance Credit Disclosure on a single life borrower." (Docket No. 1, at ¶16) (noting Exh. C). On March 28, 2006 at 11:42 a.m., Defendant Beneficial recorded a mortgage against the subject property in the amount of $178,560.83. (Docket No. 1, at ¶18) (noting Exh. E). On March 30, 2006, Mark Bauer "passed away unexpectedly". (Docket No. 1, at ¶20). On May 8, 2006,

without notice to Plaintiffs, Defendants unilaterally satisfied the mortgage recorded in Butler County for $178,562.63. In short, Plaintiffs' claims center on Defendants' failure to fund the agreed upon mortgage loan transaction.

For the following reasons, Defendants' Motion to Dismiss or Strike Civil Complaint of the Plaintiffs as it Pertains to Relief Based on the Alleged Failure to Secure Insurance [DE 6] is denied.

## PROCEDURAL BACKGROUND

On February 27, 2007, Plaintiffs filed their Complaint in Civil Action, alleging breach of contract, breach of fiduciary duty, and violations of the Pennsylvania Unfair Trade Practice / Consumer Protection Law ("UTP/CPL"), 73 Pa. C.S.A. 201-1, *et seq.*, all stemming from the death of Mark Bauer and the purported insurance contract executed between the deceased and Defendants.[1] On April 13, 2007, Defendants Beneficial and Household Life Insurance Company ("HLIC") (collectively, "Defendants") filed the instant motion. On May 3, 2007, Plaintiffs filed Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss or Strike Civil Complaint. On May 15, 2007, Defendants then filed a Sur Reply in Support of Motion to Dismiss or Strike Civil Complaint of the Plaintiff and Responding to Plaintiffs' Opposition. On June 18, 2007, the Court held a motion hearing during which the Court heard argument from the parties as to the instant

---

[1] The Court notes that, in addition to the above, Plaintiffs allege in their Complaint that they seek "other relief against Defendant(s)" pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639(a); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, *et seq.*; the Equal Credit Opportunity Act ("EEOA"), 15 U.S.C. § 1691e, and the Pennsylvania Credit Services Act ("CRA"), 73 P.S. § 2181, *et seq.* However, for purposes of clarification, the Court notes that Plaintiffs do not state a claim under said statutes.

motion to dismiss or strike.[2] On July 16, 2007, the Court *sua sponte* ordered the parties to file supplemental briefs to the pending motion, specifically as to whether *Collister v. Nationwide Life Insurance Company*, 388 A.2d 1346 (Pa. 1976) and its progeny, applies to the instant case. On July 26, 2007, Plaintiffs filed their Supplemental Brief to Pending Motion to Dismiss or Strike Civil Complaint, and on July 27, 2007, Defendants filed a Supplemental Memorandum of Law of the Beneficial/Household Defendants Concerning *Collister v. Nationwide Life Insurance*. Accordingly, the instant motion was fully briefed as of July 27, 2007.

In the instant motion, Defendants request that, because they had no obligation to procure credit insurance prior to Mark Bauer's death, the Court enter an order dismissing Plaintiffs' Complaint or, in the alternative, striking those portions of the Complaint concerning the alleged failure to procure credit insurance. (Docket No. 6). Plaintiffs respond that Defendants took a legal interest in the mortgaged property by recording the mortgage and, therefore, were required to perform their obligations under the insurance contract, which included procuring credit life insurance. (Docket No. 9, at 5).

The Court will address Defendants' motion to dismiss and motion strike, in turn.

---

[2] On June 28, 2007, the Court entered an Order indicating that on July 16, 2007, Plaintiffs' Complaint would be dismissed as to Defendant I.R.E. Processing only, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to make service on said Defendant within 120 days of the filing of the instant Complaint, unless good cause was shown why such service was not made within that period. Subsequently, on July 16, 2007, considering Plaintiffs failure to respond to the Court's Order to Show Cause of June 28, 2007, the Court dismissed without prejudice Plaintiffs' Complaint as to Defendant I.R.E. Processing.

I.  MOTION TO DISMISS

*STANDARD*

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". Fed.R.Civ.P. 12(b)(6). A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45 (1957), *abrogated in other respects by Bell Atlantic Corporation v. Twombly*, --- U.S. ---, ---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).[3] "In determining the sufficiency of the complaint the court must accept all plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "The issue is not whether a [Plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions

---

[3] Recently, the Supreme Court refined the standard applied to a motion to dismiss, abrogating the "no set of facts" language from *Conley* and holding that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.

4

cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir.1997). Overall, "courts have an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

While a court's review of a motion to dismiss is ordinarily limited to the contents of the complaint, including any attached exhibits, a court may consider some evidence beyond a complaint on a motion to dismiss "including public records ..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, No. Civ.A. 06-CV-1346, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted).

Finally, the defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

## ANALYSIS

As a preliminary matter, the Court notes that jurisdiction in this case rests on the diversity of the parties. 28 U.S.C. § 1332(a)(1). A federal court sitting in diversity must apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including its choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313

U.S. 487, 496 (1941). Nevertheless here, there does not appear to be any dispute that Pennsylvania law applies to this case (in that both parties cite and rely upon Pennsylvania law and Third Circuit precedent) and thus the Court declines to engage in a choice of law analysis.[4] *Rochez Bros., Inc. v. North American Salt Co., Inc.*, Civ. A. No. 94-1131, 1994 WL 735932, at *6 n.8 (W.D. Pa. 1994) (citing *Schiavone Construction Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("Because the parties appear to implicitly agree on the applicable choice of law, this Court will not challenge their decision").[5]

In the Court's estimation, Defendants' Motion to Dismiss *only* challenges Plaintiffs' breach of contract and breach of fiduciary duty claims[6], insofar as Defendants argue that they were not required to procure credit life insurance, if at all, until after Mark Bauer's death. At this stage of the litigation, even if the Court agreed with Defendants' argument and found that no contract for insurance existed, such would not necessarily translate to the dismissal of Plaintiffs' claim under the UTP/CPL because said

---

[4]

However, the Court notes that in response to Defendants' reliance on state law cases from other jurisdictions, Plaintiffs assert that "[w]here a Federal question is involved, Federal Courts administer Federal law as established by the Federal Constitution, treaties, and statutes, regardless of state law." (Docket No. 9, at 4) (citation omitted). However, the Court notes that there is no federal question here; instead, this Court retains this action via diversity jurisdiction, and thus the substantive state law of the forum applies, *see Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), i.e., the Commonwealth of Pennsylvania.

[5]

Of particular significance, the purported contract (mortgage loan agreement) and attachments thereto attached to Plaintiffs' Complaint, *see* Docket No. 1, Exhs. A-F, are silent as to the governing law.

[6]

Under Pennsylvania law, any potential fiduciary duty that exists between an insured and insurer arises from the contractual relationship between the same. Therefore, the assertion of a contractual relationship is an element of any claim for common law breach of fiduciary duty. *New Concept Beauty Academy, Inc. v. Nationwide Mut. Ins. Co.*, No. Civ. A. 97-5406, 1997 WL 746203, at *3 (E.D. Pa. December 1, 1997); *General Refractories Co. v. Liberty Mut. Ins. Co.*, No Civ. A. 97-7494, 1999 WL 1134530 at *3 (E.D. Pa. December 9, 1999).

claim does not specifically require the existence of a contract.[7] *See Grant v. Kingswood Apartments*, 2001 WL 1178796, No. Civ. A. 01-1523, at *3 (E.D. Pa. Oct. 2, 2001) (providing that, under Pennsylvania law, UTP/CPL claims must plead the same elements as a common law fraud claim: "(1) material misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded by the misrepresentation; and (5) damages to the party defrauded as a proximate result") (citing *Heller v. Shaw Industries, Inc.*, No. CIV.A.95-7657, 1997 WL 53516, at *20 (E.D. Pa. Aug. 18, 1997)).[8] Accordingly, the Court considers Defendants' argument to the extent that it seeks dismissal against this backdrop, i.e., as applied only to the breach of contract and breach of fiduciary duty claims, and therefore Plaintiffs' UTP/CPL claim is not currently before the Court for dismissal.

Turning to the substance, Defendants argue that they were not required to procure credit life insurance on behalf of Mark Bauer, the deceased. In support of this contention, Defendants offer two arguments: (1) a lender can render no service during the three day rescission period under TILA and, therefore, Defendants could not have secured a life insurance policy until after Mark Bauer's death, rendering an insurance

---

[7] Furthermore, Defendants fail to articulate how a finding that Defendants had no obligation to procure insurance affects Plaintiffs' claim for violation of the UTP/CPL.

[8] The Court notes that because a Plaintiff alleging a claim under the UTP/CPL is required to plead the elements of common law fraud, the heightened pleading standard of Rule 9(b) applies to such claims. *See Nawrocki v. Faulkner Ciocca Ford of Souderton*, Civil Action No. 07-1827, 2007 WL 3146671 at *2 (E.D. Pa. Oct. 29, 2007) (citing *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786 (3d Cir. 1984)) (citations omitted).

7

contract impossible; and (2) the credit insurance would not be effective until acceptance of the application by the insurer and, therefore, no insurance contract existed.

Defendants' first argument hinges on the regulations implementing the TILA, specifically 12 C.F.R. § 226.23, entitled "Right of rescission." Section 226.23(a)(3) sets the following time limit as to the right to rescind: "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a)(3). Based on that three-day right of rescission period, Defendants rely on § 226.23(c), entitled "Delay of Creditor's Performance," which provides:

> Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

12 C.F.R. § 226.23(c) ("Regulation Z").

In addition to section 226.23, Defendants rely on two cases: *Badie v. First Capital Mortgage Corp.*, 576 So.2d 191 (Ala. 1991) and *Kurtz v. American Federal Savings and Loan Ass'n*, 689 P.2d 944 (Okla. 1984), asserting that Defendants were not permitted, and therefore not obligated, to procure credit life insurance during the three day rescission period. The Court now turns to these cases.

In *Badie*, the Alabama Supreme Court held that the lender was under no obligation to procure credit life insurance during the three-day rescission period. 576 So. 2d. at 194. The Court further held that a lender could not be held liable for negligently

failing to procure credit life insurance policy during the three day rescission period, as such action would be expressly prohibited under Regulation Z of TILA. *Id,* (citing 12 C.F.R. § 226.23). Similarly in *Kurtz,* the Oklahoma Supreme Court held that a lender's contractual duty to procure credit life insurance is not activated until the conclusion of the rescission period and, therefore, the lender had no duty to perform until after the rescission period. 689 P.2d, at 946.

As a threshold matter, the *Badie* and *Kurtz* cases were decided by the Supreme Court of Alabama and the Supreme Court of Oklahoma, respectively, and therefore, neither is binding on this Court. Furthermore, while the claims in both cases are essentially identical to the claims before this Court, the Court notes that the instant case is distinguishable from both *Badie* and *Kurtz* in its procedural posture, insofar as both cases were decided at the summary judgment stage. Here, the Court is being asked to decide the applicability of Regulation Z to Plaintiffs' claims at the pleading stage.

The Court declines, at this stage in the proceedings, to decide the potential applicability of Regulation Z to Plaintiffs' claims. Based on the pleadings, the Court cannot hold that Plaintiffs have failed to state a claim for relief under common law breach of contract or breach of fiduciary duty based on said Regulation, which, in the Court's view, was designed to statutorily protect the borrower and not necessarily the lender to the extent that Regulation Z implements TILA, which is a *consumer protection* statute. *See* 12 C.F.R. § 226.1, *et. seq.*; *In Re Community Bank of Northern Virginia*, 418 F.3d 277 (3d. Cir. 2005) ("TILA is a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from creditors"). Therefore, the Court finds that the possible applicability and effect of

Regulation Z to Defendants' contractual duties cannot be determined until the parties have engaged in discovery.

On the contrary, what is merely required by Plaintiffs at this stage of the litigation is that they have alleged a set of facts that state a claim for relief for common law breach of contract and breach of fiduciary duty that is plausible on its face. *See Twombly*, 127 S.Ct. at 1974. The Court now turns to the pleading requirements for a common law breach of contract claim and a common law breach of fiduciary duty claim under Pennsylvania law.[9]

First, as to breach of contract, the elements of a cause of action for common law breach of contract in Pennsylvania are: "(1) the existence of a contract including its essential terms, (2) breach of a duty imposed by the contract, and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053 (1999). Here, Plaintiffs have alleged that Defendants and Plaintiffs were parties to a contract, specifically a mortgage contract carrying a life insurance rider.[10] Plaintiffs also contend that the terms of the contract required that Defendants fund the loan. Moreover, Plaintiffs allege that Defendants failed to perform their respective duties under the contract, thus amounting to a breach of said contract, which resulted in damages to Plaintiffs. The Court finds that Plaintiffs

---

[9] The Court notes that while Defendants do not specifically challenge the elements of said claims with the exception of its argument as to Regulation Z, the Court will nevertheless address them here.

[10] The Court notes that while Defendant disputes Plaintiffs' characterization of the life insurance contract as an "insurance rider", *see* Docket No. 7, at 9, for purposes of this motion, the Court must accept Plaintiffs' well pled allegations as true, *see McCliment*, 2007 WL 2319768, at *1.

have put Defendant on notice of its breach of contract claim by properly pleading a claim for breach of contract under Pennsylvania common law.

Second, as to breach of fiduciary duty, Plaintiffs assert, among other allegations, that "[b]y and through [Defendants'] actions of charging Plaintiff in fees for Life Insurance", Defendants breached their respective fiduciary duties to the Plaintiffs. (Docket No. 1, at ¶48). As such, the Court finds that Plaintiffs have placed Defendant on notice of their claims, and have sufficiently pled a set of facts, giving rise to a plausible claim for breach of fiduciary duty.[11]

---

[11]

The Court notes that the law in Pennsylvania regarding breach of fiduciary duty in the insurance context is unsettled. For cases recognizing a breach of fiduciary duty claim in limited insurance contexts, *see Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Illinois*, No. 3:00 CV 1173, 2000 WL 1853044 at *3 (M.D. Pa. December 18, 2000); *General Refractories Co. v. Liberty Mut. Ins. Co.*, No. Civ. A. 97-7494, 1999 WL 1134530 at *3 (E.D. Pa. Dec. 9, 1999) (holding that "federal courts interpreting Pennsylvania law recognize that breach of fiduciary duty is essentially a contractual claim" and denying the defendant's motion to dismiss on grounds that the plaintiffs had sufficiently pled the existence of a fiduciary duty) (citations omitted); *Connors v. Metropolitan Life Ins. Co.*, 35 Pa. D. & C. 4th 58 (C.P. of Fayette County 1997) (denying motion to dismiss breach of fiduciary duty claim and holding that plaintiff's claim that he relied on his insurer as "an advisor and counselor" gave rise to a fiduciary duty); *Ihnat v. Pover, Part II*, 146 P.L.J. 299 (Ct. Cmn. Pleas 1998) (holding that the relationship between an insurer and insured is essentially that of buyer and seller, and not a fiduciary relationship: "A fiduciary duty is ordinarily imposed only where one person, either by agreement or by law, has been entrusted to make a decision on behalf of another person." The Court further held that the existence of a fiduciary duty in the insurance context occurred only in two narrow circumstances where the insurer took certain actions related to insured's policy); *Connecticut Indemnity Co. v. Markman*, No. Civ. 93-799, 1993 WL 304056 (E.D. Pa. August 6, 1993) (noting that "[t]he insurer assumes a fiduciary duty when it asserts a stated right under the policy to handle all claims against the insured, including the right to make a binding settlement.") (citations omitted).

For cases declining to recognize a breach of fiduciary duty claim in the insurance context, *see Smith v. Berg*, No. Civ. A. 99-2133, 2000 WL 365949 at *4 (E.D. Pa. April 10, 2000) (providing that "under Pennsylvania law, insurers generally do not owe a fiduciary duty to their insureds"); *Wood v. All-State Ins. Co.*, No. 96-4574, 1996 WL 637832, at *2 (E.D. Pa. Nov. 4, 1996) (holding that plaintiff's claim for breach of fiduciary duty is "subsume[d]" by plaintiff's bad faith claim and thus "stricken as redundant"); *Garvey v. National Grange Mut. Ins. Co.*, Civ. A. 95-0019, 1995 WL 115416, at *1 (E.D. Pa. March 16, 1995) ("Despite creative attempts by the Plaintiff to turn the insurance contract into a fiduciary relationship, Plaintiff's complaint here alleges nothing more than a breach of contract based on good faith and fair dealing" and thus the Court dismissed said claim); *Greater New York Mut. Ins. Co. v. North River Ins. Co.*, 872 F.Supp. 1403, 1409 (E.D. Pa. 1995) ("The Pennsylvania Supreme Court treats the breach of the contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases. There is no common law tort action for bad faith or breach of fiduciary duty") (internal citation omitted).

However, because neither party has briefed let alone raised this issue, the Court will not address the same at this time.

Furthermore, as to Defendants' argument that no insurance contract existed because Mark Bauer's application for credit life insurance had not been accepted, taking Plaintiffs' factual allegations as true, as the Court must do at this stage of the litigation, see *McCliment*, 2007 WL 2319768, at *1, and for the reasons noted above, the Court finds that Plaintiffs have alleged facts sufficient as to the existence of a contract.[12]

Accordingly, Defendants' motion to the extent that it seeks dismissal of Plaintiffs' Complaint is denied.

## II. MOTION TO STRIKE

In the alternative to dismissal, Defendants request that the Court strike "the insurance related portions" of Plaintiffs' Complaint. (Docket No. 6, at 2).

*Standard*

Rule 12(f) provides that a "court may order stricke n from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions under Rule 12(f) are disfavored and should not be granted in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party. *Wright v. Phila. Gas Works*, Civ.

---

[12] Furthermore, the Court notes here the potential applicability of *Collister v. Nationwide Life Ins. Co.*, 479 Pa. 579 (Pa. 1978) (wherein the Supreme Court of Pennsylvania held that acceptance of a credit life insurance application was not necessarily a prerequisite to the existence of the insurance contract, "We believe that the proper resolution of questions such as that presented by the instant appeal depends upon an analysis of the totality of the transactions involved . . . to be sure, any ambiguity in the written words will be construed liberally in favor of the insured and against the insurer"). While the Court requested briefing on *Collister*, the Court finds that it requires discovery in order to assess the applicability of same to the instantcase insofar as the Court in *Collister* found that the facts and circumstances surrounding the insurance application, in addition to the insured's reasonable expectations, could give rise to the existence of a contract. *Id.*, at 585. Furthermore, the Court held that payment of the first premium could be proof of the existence of an insurance contract; here, Plaintiffs have pled that they made a payment to Defendants for life insurance. *See* Docket No. 1, at ¶ 48. Moreover, in order to determine the insured's reasonable expectations and the actual circumstances surrounding the alleged insurance contract and any breach of same, the Court requires discovery.

No. 01-2655, 2001 WL 1169108, at *2 (E.D. Pa. Sept. 28, 2001). "The language of [Federal Rule of Civil Procedure 12(f)] is permissive so that the Court has a wide measure of discretion in determining whether to grant or deny a motion under it." *Sampath v. Concurrent Technologies Corp.*, No. Civ.A. 03-264J, 2006 WL 1207961, *3 (W.D. Pa. May 3, 2006) (citing *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522, 525 (W.D. Pa. 1951)); *Korman v. Trusthouse Forte PLC*, Civ. A. No. 89-8734, 1991 WL 3481, at *1 (E.D. Pa. Jan.11, 1991) ("A district court has broad discretion in deciding Rule 12(f) motions").

*Analysis*

Here, Defendants' motion fails to address the applicable standard for a motion to strike. Defendants have also failed to demonstrate let alone allege that the portions of Plaintiffs' Complaint related to insurance are "redundant, immaterial, impertinent, or scandalous." Fed.R.Civ.P. 12(f). In addition, Defendants have not demonstrated that they will be prejudiced as a result of Plaintiffs' allegations relating to Defendants' purported failure to procure life insurance.[13] Rather, Defendants have only alleged that Plaintiffs have failed to state a claim for relief in that Defendants had no contractual duty relating to insurance. Hence, the Court finds that Defendants have not met the standard

---

13

Moreover, Defendants have failed to demonstrate that Plaintiffs' allegations relating to the credit life insurance bear no relationship to the instant controversy. *See Wright v. Phila. Gas Works*, Civ. No. 01-2655, 2001 WL 1169108, at *2 (E.D. Pa. Sept. 28, 2001) (providing that motions to strike should not be granted "even in cases where averments complained of are literally within provisions of [F]ederal [R]ule [12(f)] providing for striking of redundant, immaterial, impertinent or scandalous matter, in absence of demonstration that allegations attacked have no possible relation to controversy and may prejudice other party") (citations omitted).

for a motion to strike and, as such, Defendants' motion, to the extent that it seeks the same, is denied.

**ORDER**

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss or Strike Civil Complaint of the Plaintiffs as it Pertains to Relief Based on the Alleged Failure to Secure Insurance [DE 6]. Defendants shall have until December 24, 2007, within which to file an answer or otherwise respond to Plaintiffs' Complaint.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 3, 2007

cc: All counsel of record